An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MEHI AHOLELEI-AONGA, BAR NO.
9743

No. 65029

**FILED**

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a disciplinary board hearing panel's recommendation that attorney Mehi Aholelei-Aonga be suspended from the practice of law in Nevada for a period of five years with conditions.

Aholelei-Aonga has been licensed in Nevada since 2006. In December 2008, she was placed on CLE suspension. She was reappointed to active status in March 2009. On June 22, 2011, she was placed on fee suspension, and in November 2011, she was again placed on CLE suspension. In addition, in December 2013, this court suspended Aholelei-Aonga for six months and one day based on separate misconduct. *In re Discipline of Aholelei-Aonga*, Docket No. 61055 (Order of Suspension, December 6, 2013). That order stated that the ordered suspension would not commence until Aholelei-Aonga resolved her fee and CLE suspensions. *Id.* To date, Aholelei-Aonga remains suspended for failure to pay bar fees and for failure to meet CLE requirements. *See* SCR 98; SCR 213.

The instant recommendation for discipline arises from Aholelei-Aonga's acceptance of two clients in bankruptcy proceedings and her subsequent failure to perform any services for either client, despite having received retainers that she did not return. She further failed to respond to repeated contacts from the State Bar seeking to investigate the grievances. Ultimately, on January 14, 2013, the State Bar filed a formal

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31665

complaint alleging violations of the Rules of Professional Conduct and a notice of intent to proceed by default. SCR 105. A disciplinary hearing panel was convened, and a hearing was held on November 20, 2013. Aholelei-Aonga did not answer the complaint or attend the hearing.

The State Bar alleged that Aholelei-Aonga agreed to represent Mr. and Mrs. Torres in a bankruptcy early in 2011. She advised them that they needed to take a class and get a certificate before filing their petition. The Torreses took the class and paid Aholelei-Aonga a retainer of $900. When they were finally able to set up a meeting with Aholelei-Aonga, she canceled one hour before the meeting and then she failed to respond to numerous messages from the Torreses for months thereafter. The bankruptcy class certificates expired, and Aholelei-Aonga did not return the $900.

In May 2011, Shirli Garcia paid Aholelei-Aonga a $1,500 retainer for assistance with a bankruptcy. Aholelei-Aonga directed Garcia to take the class and get the certificate. Aholelei-Aonga told her she would contact Garcia as soon as she could set a court date. She also directed Garcia to take another class prior to the court date. Garcia was unable to contact Aholelei-Aonga after that point. Garcia went to Aholelei-Aonga's office and was told Aholelei-Aonga had quit the premises and was not coming back. Aholelei-Aonga did not return Garcia's $1,500.

The State Bar also presented testimony from Laura Peters, a paralegal and investigator with the State Bar who testified to her efforts to contact and communicate with Aholelei-Aonga. Although most of the certified letters and notices were returned unclaimed, a copy of the complaint and designation of panel members that the bar sent by first class mail appeared to have been received. Notice of the hearing,

designation of witnesses, and summary of evidence was sent to Aholelei-Aonga via certified mail, first class mail, and to her private e-mail address on file with the State Bar.

The panel concluded that, although Aholelei-Aonga received notice and a copy of the complaint and her right to respond, notice of the intent to proceed by default, notice of the hearing and designation of witnesses and the summary of evidence, she had not received a full 30-days notice of the hearing date itself. SCR 105(2)(c). Accordingly, the panel delayed entering its findings of fact and conclusions of law in order to give Aholelei-Aonga a further opportunity to respond. She did not do so.

The panel found that the allegations of the complaint were deemed admitted by Aholelei-Aonga's failure to respond. SCR 105(2). The allegations as to both grievances specifically included violations of RPC 1.2 (diligence), RPC 1.3 (communication), RPC 1.5 (fees), RPC 5.5 (unauthorized practice of law), RPC 8.1(b) (bar admission and disciplinary matters), SCR 98(12) (suspension for failure to pay fees). The panel found as aggravating factors that Aholelei-Aonga had previous failures to pay fees and maintain her CLE requirements, that she had dishonest and selfish motives by retaining fees that had not been earned, she committed multiple offenses, and she engaged in bad faith obstruction of the disciplinary process by intentionally failing to comply with Supreme Court Rules regarding discipline. SCR 102.5. The panel found no mitigating factors.

The panel recommended that Aholelei-Aonga be suspended for five years with the following conditions:

1. Aholelei-Aonga must take and pass the state bar examination, including the Multistate Professional Responsibility Examination, prior to applying for reinstatement;

2. Aholelei-Aonga must make restitution to the Torreses and Garcia;

3. Aholelei-Aonga must demonstrate to bar counsel that she has notified all clients of her suspension within three days of the effective date of the suspension;

4. Aholelei-Aonga must place all of her clients with other counsel, conclude representation, or, with the assistance of bar counsel attempt to aid any clients in finding new counsel, within 15 days of the order of suspension;

5. And she must pay the costs of the disciplinary proceedings pursuant to SCR 120.[1]

Having reviewed the record, we approve the recommendation, and we hereby order Aholelei-Aonga suspended for five years subject to the above conditions. While the conditions of Aholelei-Aonga's suspension shall take effect immediately, Aholelei-Aonga's suspension term shall not commence until after Aholelei-Aonga resolves her bar fees and CLE suspensions. Accordingly, once Aholelei-Aonga resolves her bar fees and CLE suspensions, she shall begin serving a suspension term of five years, six months, and one day. *See In re Discipline of Aholelei-Aonga*, Docket No. 61055 (Order of Suspension, December 6, 2013). Aholelei-Aonga and

---

[1]The panel also recommended that if reinstated, Aholelei-Aonga must enter into a mentoring agreement for one year with a State Bar-approved mentor submitting quarterly reports to the State Bar regarding Aholelei-Aonga's practice. While this condition appears reasonable, such a condition is more appropriately considered as part of a reinstatement proceeding, and we thus decline to impose it now.

the State Bar shall provide notice of this order as required under SCR 115 and SCR 121.1. Bar counsel must furnish this court with proof that notice has been served.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.     _____, J.
Pickering                        Hardesty

_____, J.     _____, J.
Parraguirre                      Douglas

_____, J.     _____, J.
Cherry                           Saitta

cc:    J. Thomas Susich, Chair, Northern Nevada Disciplinary Board
David Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Mehi Aholeilei-Aonga
Perry Thompson, Admissions Office, United States Supreme Court